IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 421 CANTERBURY WAY, JONESBORO, GEORGIA, AND ALL BUILDINGS, APPURTENANCES, IMPROVEMENTS AND ATTACHMENTS THEREON; $16,888.00 IN UNITED STATES CURRENCY; AND $7,380.00 IN UNITED STATES CURRENCY,<br><br>    Defendants. | Civil Action No.<br><br>1:22-cv-03024-CAP |

### FIRST AMENDED VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW plaintiff United States of America, by Ryan K. Buchanan, United States Attorney, and Norman L. Barnett, Assistant United States Attorney, for the Northern District of Georgia, and shows the Court the following in support of its Verified Complaint for Forfeiture:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against one parcel of real property and United States Currency that are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. §§ 981(a)(1)(A) and (C) on the grounds that they are proceeds of drug trafficking.

## **THE DEFENDANTS *IN REM***

### Defendant Real Property

2. The defendant consists of one parcel of real property more commonly known as 421 Canterbury Way, Jonesboro, Georgia 30236, with all buildings, appurtenances, improvements and attachments thereon, and is more fully described in Attachment A (hereinafter, "Defendant Real Property").

3. The recorded owner of the Defendant Real Property is Bladimir Hernandez.

4. The Defendant Real Property has not been seized and is located within the Northern District of Georgia. The United States does not request authority from the Court to seize the Defendant Real Property at this time.

5. As required by 18 U.S.C. §§ 985(b)(1) and (c)(1), the United States shall:

   a. post notice of this action and a copy of this Complaint on the Defendant Real Property;

   b. serve notice of this action, along with a copy of this Complaint, on the owner and/or occupants of the Defendant Real Property, and any other person or entity who may claim an interest in the real property; and,

   c. file a Lis Pendens against the Defendant Real Property.

<u>Defendant Currency</u>

6. Law enforcement officers searched the Defendant Real Property and located $16,888.00 in United States currency in the master bedroom and $7,380.00 in another upstairs bedroom (hereinafter, collectively, "Defendant Currency").

7. Law enforcement officers seized Defendant Currency from Monica Dominguez-Torres, Bladimir Hernandez, and Luis Angel Contreras-Dominguez on or about June 16, 2022.

8. The Defendant Currency is presently located in a bank account maintained by the United States Marshals Service.

## **JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

10. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district.

## **BASIS FOR FORFEITURE**

12. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes proceeds traceable to an exchange of money furnished or intended to be furnished in exchange for a controlled substance, constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and 846.

13. The Defendant Property is also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that it constitutes or was derived from proceeds traceable to a violation of a "specified unlawful activity."

14. 18 U.S.C. § 1956(c)(7) defines, in relevant part, a "specified unlawful activity" as any act or activity constituting an offense listed in 18 U.S.C. § 1961(1).

15. 18 U.S.C. § 1961(1) includes, as part of the list of offenses, "dealing in a controlled substance or listed chemical."

16. Additionally, the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because it constitutes property involved in a transaction or an attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957 (money laundering), or is property traceable to such property.

## FACTUAL BACKGROUND

17. The Drug Enforcement Administration and Department of Homeland Security have identified Monica Dominguez-Torres, Bladimir Hernandez, Rosa Ines Perez-Cruz, Juan Manuel Contreras-Guerrero, and Juan Manuel Contreras-Pavon (collectively, "Co-Conspirators") as suspects in a bulk cash smuggling operation for a methamphetamine distribution network in Jonesboro, Georgia.

18. Based on their ongoing investigation, law enforcement officers believe the Defendant Real Property was purchased by the Co-Conspirators with proceeds from a drug distribution and money laundering enterprise.

*Law enforcement officers searched Dominguez-Torres' residence at 7903 Sugarland Drive, Jonesboro, Georgia*

19. In December 2019 and January 2020, law enforcement officers conducted three trash pulls at 7903 Sugarland Drive, Jonesboro, Georgia 30236, a location believed to be Dominguez-Torres' residence at the time.

20. Law enforcement officers located items that, based on their training and experience, they believed were consistent with money laundering, including a shoe box containing over $500.00 wrapped in bands, plastic baggies, vacuum-sealed bags, money bands, handwritten ledgers containing names and corresponding dollar amounts, and receipts for high-end shopping goods purchased with cash. Through their training and experience, law enforcement officers believe these items are consistent with drug trafficking and money laundering operations.

21. Subsequently, on or about January 28, 2020, law enforcement officers executed a federal search warrant at 7903 Sugarland Drive where they seized over $400,000.00 from multiple locations in the residence. Some of the cash was wrapped with rubber bands in $10,000.00 increments.

22. During the execution of the warrant, law enforcement officers encountered Dominguez-Torres in the residence and interviewed her.

23. Dominguez-Torres said the majority of the money at the house was from her late husband, who had been murdered in Mexico by cartel members one year prior.

24. Dominguez-Torres also said her late husband was involved in "bad stuff."

25. According to Dominguez-Torres, someone named Victor delivered cash to the house in amounts between $3,000.00 and $10,000.00. Victor told Dominguez-Torres that some of the money was his and some of the money was hers.

26. Law enforcement officers also seized an electric money counter, rolls of cellophane, duct tape, and rubber bands. Dominguez-Torres said she used these items to wrap bundles of cash.

*Purchase of the Defendant Real Property*

27. In February 2021, law enforcement officers learned that Dominguez-Torres was living at the Defendant Real Property.

28. The investigation further revealed that, on or about February 9, 2021, Dominguez-Torres had entered into a sales contract to purchase the Defendant Real Property for $725,000.00 with $10,000.00 to be paid in earnest money.

29. On or about February 17, 2021, a $10,000.00 Wells Fargo cashier's check with check number 6681803223 dated February 12, 2021 was deposited into a bank account held by Dixon Law Group. "Monica Dominguez" was listed as the remitter on the cashier's check and it was written to Dixon Law Group. "Home Purchase" was typed in the memo line of the check and "421 Canterbury" was written on the check.

30. According to an IRS Form 8300 Report of Cash Payments Over $10,000 Received in a Trade or Business (hereinafter "Form 8300") signed and dated February 17, 2021, Dixon Law Group received "Cashier's check #

      6681803223" for $10,000.00 and $725,000.00 in United States Currency from Dominguez-Torres for the purchase of the Defendant Real Property on February 12, 2021. The word "numberous" is typed in the blank field of item 32a of the form, which says "(Amount in $100 bills or higher $___.00)."

31. Virginia Dixon of the Dixon Law Group signed the February 17, 2021 Form 8300 referenced in paragraph 30.

32. "Sent 2/18/21" is handwritten at the top righthand corner of the first page of the Form 8300 referenced in paragraph 30.

33. Several days later, on February 23, 2021, an addendum to the sales contract for the Defendant Real Property was executed. The addendum removed Dominguez-Torres as the buyer and added Bladimir Hernandez, Rosa Ines Perez-Cruz, Juan Manuel Contreras-Guerrero, and Juan Manuel Contreras-Pavon as buyers.

34. The closing for Defendant Real Property occurred on February 23, 2021.

35. Two days later, an amended Form 8300 signed and dated February 25, 2021, identified Hernandez, Perez-Cruz, Contreras-Guerrero, and Contreras-Pavon as the individuals who provided the $735,000.00 cash payment for the Defendant Property.

36. According to the Form 8300 signed and dated February 25, 2021, Dixon Law Group received "Cashier's check # 6681803223" for $10,000.00 and $725,000.00 in United States Currency from Hernandez, Perez-Cruz, Contreras-Guerrero, and Contreras-Pavon for the purchase of the Defendant Real Property on February 12, 2021. The word "numerous" is

7

handwritten in the blank field of item 32a of the form, which says "(Amount in $100 bills or higher $___.00)."

37. Virginia Dixon of the Dixon Law Group signed the Form 8300 referenced in paragraphs 35 and 36.

38. "Revised sent 3/17/21" is handwritten at the top righthand corner of the first page of the Form 8300 referenced in paragraphs 35 and 36.

39. On April 22, 2022, a quitclaim deed conveying the Defendant Real Property to Hernandez from Hernandez, Perez-Cruz, Contreras-Guerrero, and Contreras-Pavon was filed and recorded in the Superior Court of Henry County, Georgia.

*The Co-Conspirators did not have legitimate income to substantiate the cash purchase of Defendant Real Property*

40. Law enforcement officers were unable to locate employment records with the Georgia Department of Labor for Dominguez-Torres, Contreras-Pavon, and Perez-Cruz.

41. According to Georgia Department of Labor records, Hernandez earned $141,654.00 from 2017 through 2021.

42. According to Georgia Department Labor records, Contreras-Guerrero earned $34,104.00 from 2017 through 2019. Contreras-Guerrero received unemployment in 2019 and there were no employment records reported for him in 2020 or 2021.

*The Co-Conspirators are linked to money laundering and drug distribution activity*

43. Hernandez was identified in prior DEA investigations as a drug distributor in Mableton, Georgia.

44. Hernandez married Dominguez-Torres in October 2021.

45. On or about June 10, 2022, law enforcement officers executed a Federal search warrant at Perez-Cruz's home, 15 Jane Court, Stockbridge, Georgia where they seized $997,033.00 in cash. The cash had been counted, organized, and wrapped in duct tape and aluminum foil. A trained police canine alerted to the odor of narcotics on the seized currency.

46. Law enforcement officers also located money counters, a briefcase containing cash, and ledgers appearing to document large sums of money. Through their training and experience, law enforcement officers believe these items are consistent with drug trafficking and money laundering operations.

47. On or about June 10, 2022, law enforcement officers also executed a federal search warrant at 1025 White Dove Circle, Stockbridge Georgia, the residence of Contreras-Pavon and Contreras-Guerrero, where they located over 365 grams of suspected cocaine, two ounces of marijuana, two handguns, a rifle, and a shotgun.

48. On or about June 10 2022, law enforcement officers also seized $300,055.00 from Contreras-Pavon during a traffic stop after he left 15 Jane Court, Stockbridge, Georgia, Perez-Cruz's home. The cash was organized in 30

duct-taped bundles inside of a bag. "Post-it" notes with handwritten information listing dates, dollar amounts, and names were found in the center console of the vehicle driven by Contreras-Pavon.

*Law enforcement officers executed a federal search warrant at the Defendant Real Property and interviewed Dominguez-Torres for a second time*

49. On or about June 16, 2022, law enforcement officers executed a federal search warrant at the Defendant Real Property where they encountered Dominguez-Torres, Hernandez, and Louis Angel Contreras-Dominguez.

50. Contreras-Dominguez is Dominguez-Torres' adult son.

51. Law enforcement officers seized a notebook containing suspected ledgers listing names and monetary amounts. The notebook contained names that had appeared in ledgers that law enforcement officers had located during previous trash pulls at the Defendant Real Property and during the execution of the search warrant at 15 Jane Court, Stockbridge Georgia, i.e, the residence of Perez-Cruz.

52. Through their training and experience, law enforcement officers believe the ledgers located during the search of the Defendant Real Property appeared to document large sums of money and that such ledgers are consistent with drug trafficking and money laundering operations.

53. At the Defendant Real Property, DEA also discovered the following:
    a. $16,888.00 in cash and a firearm in the master bedroom belonging to Dominguez-Torres and Hernandez and

   b. $7,380.00 in cash and a firearm in an upstairs bedroom belonging to Contreras-Dominguez.

54. Law enforcement officers interviewed Dominguez-Torres who said she owned a cleaning business. She claimed to not keep records of earnings and payments to employees and that her only records were text messages with clients.

55. Dominguez-Torres initially told law enforcement officers she and her husband, Hernandez, were renting Defendant Real Property from a realtor friend. She eventually recanted and said she intended to buy the property herself but used Hernandez, Cruz-Perez, Contreras-Guerrero, and Contreras-Pavon as nominee owners of the Defendant Real Property to not arouse suspicion.

56. According to Dominguez-Torres, she had known Cruz-Perez since she was a child but did not know Contreras-Guerrero and Contreras-Pavon.

57. Dominguez-Torres also said she paid half of the cash for the Defendant Real Property from money provided to her by her deceased husband that was killed by cartel members and that Hernandez paid the other half from his savings.

58. Hernandez declined to speak with law enforcement officers.

59. Accordingly, the Defendant Real Property and Defendant Currency are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because they constitute proceeds traceable to an exchange of money furnished or intended to be furnished for controlled substances in violation of 21 U.S.C. §§ 841 and 846,

pursuant to 18 U.S.C. § 981(a)(1)(C) because they constitute or were derived from proceeds traceable to a violation of a specified unlawful activity, and pursuant to 18 U.S.C. § 981(a)(1)(A) because they constitute property involved in a transaction or an attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957 (money laundering), or are property traceable to such property.

WHEREFORE, the United States prays as follows:

1. That the Court forfeit and condemn the Defendant Real Property and Defendant Currency to the United States of America;

2. That the Court award the United States the costs of suit incurred in this action; and,

3. That the Court grant such other relief as the Court deems just and proper.

Dated: This 1st day of August 2022

                                                                                            RYAN K. BUCHANAN
*United States Attorney*
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

NORMAN L. BARNETT
*Assistant United States Attorney*
Georgia Bar No. 153292
norman.barnett@usdoj.gov

## ATTACHMENT A

ALL THAT TRACT OF PARCEL OF LAND lying and being in Land Lot 57 of the 6th District of Henry County, Georgia and being Lot 156, WATERFORD POINTE SUBDIVISION, UNIT 1, as per plat recorded in Plat Book 30, Pages 167-169, Henry County, Georgia records, to which reference is hereby made for the purpose of incorporating the same herein.

Commonly known as: 421 Canterbury Way, Jonesboro, GA. 30236-5591

Parcel ID:    015D01015000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 421 CANTERBURY WAY, JONESBORO, GEORGIA, AND ALL BUILDINGS, APPURTENANCES, IMPROVEMENTS AND ATTACHMENTS THEREON; $16,888.00 IN UNITED STATES CURRENCY; AND $7,380.00 IN UNITED STATES CURRENCY,<br><br>    Defendant. | Civil Action No.<br><br>1:22-cv-03024-CAP |

**VERIFICATION OF FIRST AMENDED COMPLAINT FOR FORFEITURE**

I, Andrea Boone, have read the First Amended Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this __1st__ day of August, 2022.

_____
ANDREA BOONE
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing brief has been prepared using Book Antiqua, 13 point font.

/s/ Norman L. Barnett

*Assistant United States Attorney*